# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JO G. DORE,                                )
                                           )
          **Plaintiff,**                  )
                                           )        **CIVIL ACTION**
   **v.**                               )
                                           )        **Case No. 08-2449-KHV**
MICHAEL J. ASTRUE,                         )
COMMISSIONER OF                            )
SOCIAL SECURITY,                           )
                                           )
          **Defendant.**                  )
                                           )
_____)

## MEMORANDUM AND ORDER

Plaintiff Jo G. Dore brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision to deny her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq.  The complaint seeks reversal and immediate award of benefits or, in the alternative, reversal and remand for further consideration. See Complaint Appealing Social Security Administration Final Decision (Doc. #1) filed September 23, 2008.  This matter comes before the Court on [Plaintiff's] Brief In Support Of The Complaint (Doc. #7) filed February 6, 2009 and Defendant's Motion To Reverse And Remand And For Entry Of Final Judgment (Doc. #10) filed April 7, 2009.  Plaintiff does not oppose defendant's motion to remand the case for further consideration.  See Dore Response To Defendant's Motion To Reverse And Remand And For Entry Of Final Judgment (Doc. #12) filed April 7, 2009 (plaintiff "in accord" with defendant's motion).  Ordinarily, the Court grants uncontested motions as unopposed.  See Wayman v. Accor N. Am., Inc, 486 F. Supp.2d 1280, 1283 (D. Kan. 2007) (citing D. Kan. Rule

7.4).[1]  For that reason and for reasons set forth below, the Court reverses and remands the matter for further proceedings.

## **Procedural Background**

On November 23, 2005, plaintiff applied for disability insurance benefits, alleging a disability since August 1, 2004 due to mental problems, heart problems and diabetes.  The Commissioner denied plaintiff's application initially and upon reconsideration. On March 21, 2008, the ALJ issued a decision denying all benefits because he found that plaintiff was not disabled.  On July 24, 2008, the Appeals Council denied plaintiff's request for review.  Thus, the ALJ decision is the final decision of defendant.  Plaintiff filed this action alleging that the Commissioner had erred in denying benefits.

## **Analysis**

As noted, defendant has filed a motion to remand for further consideration of plaintiff's claim.  In particular, defendant acknowledges that the ALJ did not (1) pose a hypothetical question that includes mental limitations found by the ALJ; (2) properly consider whether plaintiff can perform her past relevant work or (3) procure testimony from the vocational expert concerning transferable skills and whether plaintiff can perform other work with little or no vocational adjustment.  After reviewing the record on appeal, the Court has determined that remand for further proceedings is appropriate.  See INS v. Ventura, 537 U.S.12, 16 (2002) (when court identifies error in administrative decision, proper course ordinarily is to remand to agency for additional investigation or explanation).

---

[1]     D. Kan. Rule 7.4 provides in part: "If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

**IT IS THEREFORE ORDERED** that [Plaintiff's] Brief In Support Of The Complaint (Doc. #7) filed February 6, 2009, and Defendant's Motion To Reverse And Remand And For Entry Of Final Judgment (Doc. #10) filed April 7, 2009 be and hereby are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the case is **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this memorandum and order.

The Court directs the Clerk to enter judgment.

Dated this 21st day of April, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge